# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2022

Lyle W. Cayce
Clerk

No. 21-11266

Matt Bodine, an individual; Jason Bodine, an individual; DBS, a California Corporation; DABCO,

*Plaintiffs—Appellants*,

*versus*

First Co, a Corporation; Jim Nation, an individual; Jeff Evans, an individual; Ryan Bricarell, an individual; Does 1 through 100, inclusive,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-3116

Before Richman, *Chief Judge*, and Ho and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs' First Amended Complaint alleges various causes of action arising out of their terminated business relationship with Defendants. The

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11266

district court dismissed the complaint with prejudice for failure to state a claim. We affirm.

Defendant First Co. manufactures parts and products for HVAC systems. First Co. sells its products through distributors, who then market them to contractors. Defendants Jim Nation, Jeff Evans, and Ryan Bricarell are employees of First Co.

Plaintiffs are Matt Bodine, Jason Bodine, DBS and DABCO. DBS was one of First Co's distributors from 1994 to 2018 and is owned by Matt and Jason Bodine. Plaintiffs allege that since 1998, Defendants increased lead times for their products sold to DBS, forcing Plaintiffs to enter into an unregistered warehousing "quasi-partnership" called DABCO to store First Co's inventory.

Plaintiffs allege that, beginning in 2017, Defendants tried to end their parties' business relationship with false statements, increased prices, and increased lead times. Additionally, Plaintiffs allege that Jeff Evans sent Ryan Bricarell to receive training from Plaintiffs to allow First Co. to covertly create its in-house version of Plaintiffs' business. This allowed Defendants to terminate their relationship with Plaintiffs in 2018.

Plaintiffs assert that this termination revealed various fraudulent acts perpetrated by Defendants. Their First Amended Complaint asserts 18 claims including fraud, breach of contract, and antitrust violations. The district court granted Defendants' Rule 12(b)(6) Motion to Dismiss. After finding that Plaintiffs had multiple opportunities to amend their complaint, the district court dismissed with prejudice.[1]

---

[1] The district court also found that the Bodines did not have standing because all the causes of action involved injuries sustained directly by DBS and DABCO. This is a prudential standing argument. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[E]ven

No. 21-11266

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, we consider only the contents of the pleadings. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). To survive the motion, a plaintiff must plead sufficient facts "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Plaintiffs brought a litany of claims: fraud, fraudulent concealment, negligent representation, tortious interference, breach of the duty of good faith and fair dealing, breach of the duty of loyalty, breach of contract, breach of implied contract, antitrust claims, and violations of the Texas Business and Commerce Code. The district court was thorough in its discussion of how each claim failed to state the basic facts required by Rule 12(b)(6).

The district court properly identified the flaws in each of Plaintiffs' claims. Accepting all of Plaintiffs' pleaded facts as true, we agree with the district court that there is no plausible claim for relief.

Plaintiffs argue that, at the very least, the district court erred by not giving them a chance to amend their complaint. But Plaintiffs amended their

---

when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). *See also Franchise Tax Bd. of California v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336 (1990) (describing this as one of "the prudential requirements of the standing doctrine"). We need not address this issue, for even if Plaintiffs have standing, their complaint fails to state a valid claim. *See Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022) ("prudential standing does not present a jurisdictional question").

No. 21-11266

complaint several times throughout the long procedural history of this case, including in state court. Plaintiffs, after being apprised of Defendants' Motion to Dismiss, elected to stand on their First Amended Complaint, rather than move for leave to amend. *See United States. ex. rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals.").

Affirmed.